The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. An index of medical records marked as stipulated exhibit 1 was received into evidence. These records include Dr. Strittholdt's medical records.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-eight year-old male with an eighth grade education. Plaintiff was employed as a mechanic for the defendant-employer. Plaintiff's job duties included changing oil, and changing tires.
2. At the hearing, plaintiff testified that on February 8, 1995, plaintiff started across the shop when he slipped on a puddle of water. He further described that he caught himself with his left arm and that his hand hit the ground. Plaintiff testified experiencing numbness in his right arm and a stinging sensation. Plaintiff further described that he reported to a co-worker, Earl Brown, that he almost broke his neck. He also claimed that he reported an injury by accident to bookkeeper, Brenda Whitley, while giving her a copy of a work order on that day.
3. On February 12, 1995, plaintiff sought medical treatment for his left shoulder. Plaintiff reported to Dr. Strittholdt that he slipped but did not land on his arm or hand. Plaintiff reported a history of achy pain in his left shoulder. Plaintiff reported that he had not been released to return to work as of the time of the hearing.
4. Co worker, Earl Brown, did not observe the plaintiff slip on February 8, 1995. Mr. Brown did not hear the plaintiff claim that he almost broke his neck.
5. Bookkeeper, Brenda Whitley, did not receive verbal or written notice that plaintiff had slipped at work until almost a week after February 8, 1995.
6. Plaintiff had a history of experiencing pain in his left shoulder. On December 29, 1994 plaintiff received a steroid injection from Dr. Jasmine for his left shoulder. At the time that he received treatment from Dr. Jasmine for his left shoulder pain, plaintiff had sustained tendonitis in his left shoulder.
7. In an interview with an insurance adjuster for the defendants on March 29, 1995, plaintiff reported that the first time that he had ever received treatment from Dr. Jasmine for left shoulder pain was in February 1995. The adjuster asked the plaintiff five different questions concerning whether plaintiff had ever seen Dr. Jasmine for the treatment of left shoulder pain prior to February 1995. The adjuster even hinted to plaintiff that he received treatment in December of 1994, but plaintiff steadfastly denied receiving any treatment for his left shoulder.
8. At the time that plaintiff began receiving treatment from Dr. Jasmine after February 8, 1995, plaintiff had aggravated a pre-existing tendonitis condition in his left shoulder. Plaintiff had also sustained torn ligaments in his left shoulder.
9. On May 9, 1995, Dr. Jasmine performed a left shoulder arthroscopy with subacromial decompression as well as anterior Bankhart repair through the arthroscope.
10. As a result of the May 9, 1995 surgery, Dr. Jasmine performed additional surgery in order to repair a painful neuroma.
11. Plaintiff reached maximum medical improvement on August 2, 1995 with regard to his aggravated tendonitis condition and torn ligaments in his left shoulder. Upon a request from plaintiff, Dr. Jasmine released plaintiff to return to work on August 2, 1995.
12. Plaintiff failed to disclose his prior history involving his shoulder condition in order to induce the adjuster to believe that he had sustained the injury to his shoulder at work on February 8, 1995. Plaintiff had a motive to deny prior left shoulder problems because he lacked health insurance that would cover his left shoulder injury.
13. There is a lack of convincing, credible evidence to make a finding that plaintiff did slip at work on February 8, 1995. Earl Brown and Brenda Whitley's testimony concerning notice contradicts plaintiff's testimony. Plaintiff's failure to disclose a material fact with regard to his history of shoulder pain was not convincingly explained away by plaintiff's in court testimony.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with the defendant-employer on February 8, 1995.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
 S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER
DCS:bjp